# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60700
Summary Calendar

MOHAMMED JANFESHAN

Petitioner

V.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 651 751

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohammed Janfeshan, a native and citizen of Iran, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen his in abstentia removal proceedings. Janfeshan does not challenge the BIA's determination that his motion to reopen was untimely, but maintains that the time limitation should not apply because his motion to reopen was based upon changed country conditions in Iran.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An alien is not bound by the time limitation for filing a motion to reopen if his request for asylum or withholding of deportation "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted by Janfeshan, however, did not show a change in conditions in Iran since the time of his in abstentia removal proceedings. For instance, Janfeshan's evidence failed to demonstrate that country conditions in Iran have worsened in the relevant time period for individuals who violate the Islamic Law prohibiting interfaith marriages or for Iranians simply because they are familiar with American culture after residing abroad for an extended period of time.

The BIA did not abuse its discretion by determining that Janfeshan had not established changed country conditions and that his motion to reopen was, therefore, untimely. See Panjwani v. Gonzales, 401 F.3d 626, 632-33 (5th Cir. 2005). Accordingly, we decline to address Janfeshan's arguments that he is eligible for the underlying substantive claims for relief of asylum, withholding of removal, and protection under the Convention Against Torture Act. See INS v. Orlando Ventura, 537 U.S. 12, 16-17 (2002).

PETITION DENIED.